BELSOME, J.,
dissents with reasons.
II State Farm Mutual Automobile Insurance Company seeks review of the trial court’s denial of its Motion for Summary Judgment. Due to the ambiguities in State Farm’s policy number 5350-803-18K, summary judgment is not warranted. Accordingly, I would deny the writ.
The issue in this case is whether the provision that Broussard’s coverage applies to accidents and losses that take place during the policy period in combination with the non-exclusionary language contained in the policy makes the policy at issue susceptible to two or more reasonable interpretations as to the extent of coverage. I believe it does.
The policy states on page 4 under “When Coverage Applies” that “[t]he coverages you chose to apply to accidents and losses that take place during the policy period”. Even though the policy on page 7 provides that the policy will extend to use by an insured of a newly acquired car, a temporary substitute car or non-owned car, the policy provides a provision, which does not suggest that coverage will not extend to a vehicle that is not a listed vehicle or is not a newly acquired vehicle, a temporary substitute vehicle or a non-owned vehicle, but indicates that the coverage will extend to those types of vehicles. Specifically, the policy states on page 10:
|2If There Is Other Liability Coverage
1. Policies Insured by Us to You, Your Spouse, or Any Relative.
If two or more vehicle liability policies issued by us to you, your spouse, or any relative may apply to the same accident, the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability.
In addition, the policy on page 9 under the “There is No Coverage” provides that there is no coverage if the vehicle is rented or leased to other. However, there is nothing in the policy that clearly and unambiguously excludes the coverage of Broussard for this automobile accident at issue under this portion of the policy.
Accordingly, the provision that Brous-sard’s coverage applies to accidents and losses that take place during the policy period in combination with the non-exclusionary language contained in the policy makes the policy at issue susceptible to two or more reasonable interpretations as to the extent of coverage. Due to the ambiguities, summary judgment is not warranted. The trial court was correct in denying State Farm’s Motion for Summary Judgment.